IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

ELIZABETH RICHARDSON,

        Plaintiff,

v.

NAVIENT SOLUTIONS, LLC,[1]

        Defendant.
_____

Case No. 2:17-cv-00891-SU

**FINDINGS AND RECOMMENDATION**

SULLIVAN, United States Magistrate Judge:

      Pro se plaintiff Elizabeth Richardson commenced this action in Morrow County Small Claims Court on April 7, 2017, apparently for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. Compl., Notice of Removal, Ex. 1 (Docket No. 1-1). Defendant removed the action to this Court on June 7, 2017, on the basis of federal question

---

[1] Sued as "Navient."

jurisdiction, 28 U.S.C. §§ 1331, 1441, 1446. Notice of Removal (Docket No. 1). On June 13, 2017, defendant moved to dismiss for failure to state a claim, or in the alternative, for a more definite statement. (Docket No. 5). Plaintiff's response to defendant's Motion was due June 27, 2017, but she filed none. On July 28, 2017, the Court issued plaintiff an Order to Show Cause why it should not grant defendant's Motion and dismiss this action for plaintiff's failure to oppose defendant's Motion. (Docket No. 6). Plaintiff's response to the Order to Show Cause was due August 18, 2017. Plaintiff submitted none. Accordingly, the Court should GRANT defendant's Motion to Dismiss and DISMISS this matter, without prejudice.

## BACKGROUND

Plaintiff's Complaint states:

> 807 False or misleading representation. Failure to provide written signature of debt.

and:

> § 807. False or misleading representations [15USC 1962e][2] (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

Compl., at 1, 2 (footnote added).

In its Motion, defendant argues that plaintiff has failed to plead the necessary elements of an FDCPA claim, including that defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6). *See McCurdy v. Prof'l Credit Serv.*, No. 6:15-cv-01498-AA, 2016 WL 5853721, at *3 (D. Or. Oct. 3, 2016) (listing elements of FDCPA claim). Defendant also argues that the

---

[2] Plaintiff cites to "§ 807" and "15USC 1962e." Plaintiff appears to have transposed the number "1962," instead meaning "1692." FDCPA section 807(8) corresponds to 15 U.S.C. § 1692e(8), which bars a "debt collector" from "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a debt is disputed."

Complaint contains only legal conclusions, without any facts to make its claims plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Further, defendant argues that the Complaint is so vague and ambiguous that it cannot meaningfully respond to it. *See CMAX, Inc. v. Hall*, 290 F.2d 736, 738 (9th Cir. 1961).

## LEGAL STANDARD

In determining whether to dismiss for failure to prosecute or comply with a court order, the court weighs five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

## ANALYSIS

At the time the Court issued its Order to Show Cause, plaintiff's response to defendant's Motion to Dismiss was a month overdue. It is now almost two months overdue. Plaintiff has also failed to respond to the Order to Show Cause. These failures to oppose defendant's Motion, to prosecute, and to comply with the Order to Show cause are sufficient grounds to dismiss this action. *See Townsel v. Contra Costa Cty., Cal.*, 820 F.2d 319, 321 (9th Cir. 1987); *W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1524 (9th Cir. 1990); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Further, the five-factor test also strongly favors dismissal:

1. Expeditious resolution: "[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Plaintiff has taken no action since commencing this lawsuit in April 2017. This favors dismissal.

2. Docket management: "It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants such as" plaintiff. *Pagtalunan*, 291 F.3d at 642. Plaintiff has not complied with the applicable scheduling rules or the Court's Order to Show Cause. This favors dismissal.

3. Prejudice to defendants: Plaintiff has "offered no clear explanations of what actions [s]he . . . took during the relevant time period[]." *Pagtalunan*, 291 F.3d at 643. Plaintiff's "delay was unreasonable, and this factor weighs in favor of dismissal." *Id.*

4. Less drastic alternatives: The Court has already employed the less drastic alternative of issuing an Order to Show Cause. Plaintiff has wasted her opportunity to take advantage of this alternative. The Court is left with the course of dismissing the action, which it warned of in its Order. *See In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1229 (9th Cir. 2006). This favors dismissal.

5. Disposition on the merits: "Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal," *Pagtalunan*, 291 F.3d at 643, but only weakly, because plaintiff's failure to oppose defendant's Motion, to prosecute, or to respond to the Court's Order to Show Cause severely impairs disposition on the merits. *See United States* ex rel. *Berglund v. Boeing Co.*, 835 F. Supp. 2d 1020, 1053-54 (D. Or. 2011).

Four factors favor dismissal, and one weighs against, but only weakly. The fifth factor alone cannot outweigh the other four. *In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994). The five-factor test thus strongly favors dismissing this action.

## RECOMMENDATION

For the foregoing reasons, the Court should GRANT defendant's Motion and DISMISS this action, without prejudice.

**SCHEDULING ORDER**

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due September 5, 2017. If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

DATED this <u>22nd</u> day of <u>August</u>, 2017.

<u>/s/ Patricia Sullivan</u>
PATRICIA SULLIVAN
United States Magistrate Judge